UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMILAH TALIBAH ABDUL-HAQQ,

    Plaintiff,

    v.

KAISER FOUNDATION HOSPITALS, et al.,

    Defendants.

Case No. 14-cv-04140-PJH

**ORDER**

Re: Dkt. Nos. 91, 92, 93, 94

There are currently four filings pending before the court. On August 15, 2019, Magistrate Judge Donna M. Ryu entered a sua sponte referral for this court to determine whether Abdul-Haqq v. Permanente Medical Group, Inc., et al., 19-3727 ("PMG"), is related to the above-caption case ("Kaiser"). Dkt. No. 91. The next day, two of the PMG defendants filed their own administrative motion to relate PMG to Kaiser. Dkt. No. 92. In conjunction with her timely response to defendants' administrative motion, pro se plaintiff Jamilah Talibah Abdul-Haqq filed a motion requesting that the undersigned recuse herself from PMG or that PMG not be assigned to the undersigned. Dkt. Nos. 94-95. Along with those filings, plaintiff moved to seal a single exhibit. Dkt. 93. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

The court first addresses whether the undersigned should recuse herself from PMG. "The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)

(internal quotation marks omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Id. Here, plaintiff only argues that the undersigned "made a bias decision in" a previous case when the court "refused to allow [plaintiff] to take a leave of court to continue with [her] medical treatment[.]" Dkt. No. 94 at 2. This court's decision in a prior case is not "an extrajudicial source" sufficient to show prejudice or support recusal. Accordingly, plaintiff's motion to recuse is DENIED.

The court next turns to whether the newly-filed PMG action is related to Kaiser, and concludes that it is not. Under this District's Local Rules "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). While PMG and Kaiser share a number of the same parties, the events and transactions underlying each complaint are different. In Kaiser, plaintiff complained of defendants' alleged deceptive managerial practices that occurred no later than late-2014. Conversely, the PMG complaint's material allegations pertain to different employment-related events that began in January 2015. The court also does not find that relating the cases would promote judicial efficiency. Accordingly, the court finds that PMG is not related to Kaiser and DENIES defendants' motion to relate.

Lastly, the court DENIES plaintiff's motion to seal because plaintiff has made no attempt to meet the relevant sealing standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). If plaintiff does not wish Exhibit A to be filed on the public docket, plaintiff must withdraw the exhibit within 14 days of this order.

**IT IS SO ORDERED.**

Dated: August 22, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge