1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 JAMILAH ABDUL-HAQQ,                    Case No. 3:19-cv-03727-JD

8            Plaintiff,

                                        **ORDER RE MOTIONS FOR**
9       v.                              **SUMMARY JUDGMENT RE**
                                        **CALIFORNIA NURSES ASSOCIATION**
10 PERMANENTE MEDICAL GROUP, INC.,
et al.,                                 Re: Dkt. Nos. 132, 135
11            Defendants.

12

13          The Court's motion to dismiss order allowed pro se plaintiff Abdul-Haqq to pursue a duty

14 of fair representation claim against her union, the California Nurses Association (CNA), solely on

15 the basis of alleged bad faith.  Dkt. No. 82 (citing *Burkevich v. Air Line Pilots Assoc. Int'l.*, 894

16 F.2d 346, 352-53 (9th Cir. 1990).  The parties each moved for summary judgment on the bad faith

17 claim.  Dkt. No. 132 (plaintiff's motion); Dkt. No. 135 (CNA's motion).  A familiarity with the

18 record is assumed, and CNA's motion is granted.  Plaintiff's motion is denied.

19          Parties "may move for summary judgment, identifying each claim or defense -- or the part

20 of each claim or defense -- on which summary judgment is sought.  The court shall grant summary

21 judgment if the movant shows that there is no genuine dispute as to any material fact and the

22 movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The Court may dispose

23 of less than the entire case and even just portions of a claim or defense."  *CZ Servs., Inc. v.*

24 *Express Scripts Holding Co.*, No. 3:18-CV-04217-JD, 2020 WL 4368212, at *2 (N.D. Cal. July

25 30, 2020) (citing *Smith v. Cal. Dep't of Highway Patrol*, 75 F. Supp. 3d 1173, 1179 (N.D. Cal.

26 2014)).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict

27 for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    A fact is material if it could affect the outcome of the suit under the governing law. *Id.* To

2    determine whether a genuine dispute as to any material fact exists, the Court views the evidence in

3    the light most favorable to the nonmoving party, and "all justifiable inferences are to be drawn" in

4    that party's favor. *Id.* at 255. The moving party may initially establish the absence of a genuine

5    issue of material fact by "pointing out to the district court that there is an absence of evidence to

6    support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). It is

7    then the nonmoving party's burden to go beyond the pleadings and identify specific facts that

8    show a genuine issue for trial. *Id.* at 323-24. "A scintilla of evidence or evidence that is merely

9    colorable or not significantly probative does not present a genuine issue of material fact." *Addisu*

10   *v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

11   "It is not the Court's responsibility to root through the record to establish the absence of

12   factual disputes, or to look for evidence on the nonmoving parties' behalf." *CZ Servs., Inc.*, 2020

13   WL 4368212, at *3 (internal quotations and citations omitted); *see also Winding Creek Solar LLC*

14   *v. Peevey*, 293 F. Supp. 3d 980, 989 (N.D. Cal. 2017), *aff'd*, 932 F.3d 861 (9th Cir. 2019).

15   The Court's review of a union's duty of fair representation is narrow in order to give

16   "substantial deference" to unions concerning how they represent their members. *See Peterson v.*

17   *Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985) (quoting *Johnson v. U.S. Postal Serv.*, 756 F.2d

18   1461, 1466 (9th Cir. 1985)). When, as here, a union's conduct involved judgment, a plaintiff may

19   prevail only if the union's conduct was discriminatory or in bad faith. *Wellman v. Writers Guild*

20   *of Am., W., Inc.*, 146 F.3d 666, 670 (9th Cir. 1998) (quoting *Marino v. Writers Guild of Am., E.,*

21   *Inc.*, 992 F.2d 1480, 1486 (9th Cir. 1993)); *see also Demetris v. Transp. Workers Union of Am.*,

22   862 F.3d 799, 805 (9th Cir. 2017) (same). The plaintiff bears the burden of establishing bad faith.

23   *Beck v. United Food & Commercial Workers Union, Local 99,* 506 F.3d 874, 879-80 (9th Cir.

24   2007).

25   "To establish that the union's exercise of judgment was in bad faith, the plaintiff must

26   show 'substantial evidence of fraud, deceitful action or dishonest conduct.'" *Id.* at 880 (citation

27   omitted). A "disagreement between a union and an employee over a grievance, standing alone" is

28   not "evidence of bad faith, even when the employee's grievance is meritorious." *Moore v. Bechtel*

2

*Power Corp.,* 840 F.2d 634, 637 (9th Cir. 1988).  "[M]ere negligence and erroneous judgment calls cannot, by themselves, support an inference of bad faith."  *Demetris*, 862 F.3d at 808.

Even giving Abdul-Haqq every benefit of the doubt as a pro se plaintiff, the record fails to raise a genuine dispute of material fact as to whether CNA acted in bad faith in handling Abdul-Haqq's employment issues.  To the contrary, the record indicates that CNA acted in a reasoned and rational way with respect to Abdul-Haqq's concerns.  To be sure, Abdul-Haqq disagreed with CNA's decision not to pursue an arbitration and other judgment calls, but that alone is not evidence of fraud, deceit, or dishonest conduct by CNA.  Abdul-Haqq did not proffer any other evidence to the contrary.

Consequently, CNA is entitled to judgment in its favor.  Abdul-Haqq's motion for summary judgment is denied for the same reasons.

**IT IS SO ORDERED.**

Dated:  March 2, 2022

_____
JAMES DONATO
United States District Judge