UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILAH ABDUL-HAQQ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PERMANENTE MEDICAL GROUP, INC., et al.,<br><br>　　　　Defendants. | Case No. 3:19-cv-03727-JD<br><br>**ORDER RE SUMMARY JUDGMENT RE THE PERMANENTE MEDICAL GROUP** |

Plaintiff Jamilah Abdul-Haqq filed this lawsuit against defendants The Permanente Medical Group (TPMG), Kaiser Foundation Hospitals (KFH), the California Nurses Association (CNA), and eight individuals, asserting various claims arising from her employment with TPMG. Dkt. No. 20. The Court dismissed all the claims except for Abdul-Haqq's wrongful termination claim against TPMG and her claim for violation of the duty of fair representation against CNA, Dkt. No. 82, and subsequently granted summary judgment for CNA on that count, Dkt. Nos. 155, 156.

Consequently, the sole remaining claim in this case is whether TPMG wrongfully terminated Abdul-Haqq from her job as a nurse in violation of public policy. Dkt. No. 82. The Court initially understood that this claim related only to Abdul-Haqq's allegations of retaliation for filing workplace complaints, *id.*, but the parties discussed disability discrimination as another potential public policy ground in their cross-motions for summary judgment, and so that will be taken up here as well. Dkt. No. 121 (TPMG motion); Dkt. No. 126 (Abdul-Haqq motion).

The record before the Court indicated that TPMG had legitimate, non-discriminatory and non-pretextual reasons for terminating Abdul-Haqq's employment, and Abdul-Haqq did not demonstrate any genuine disputes of fact that might weigh against summary judgment. Dkt. No.

157. Even so, out of an abundance of caution in light of Abdul-Haqq's pro se status, the Court held a hearing on July 21, 2022, to allow Abdul-Haqq to identify the evidence that might warrant a trial. Dkt. Nos. 157, 177. The parties' familiarity with the record is assumed, and summary judgment is granted in TPMG's favor.

## STANDARDS

Parties "may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A fact is material if it could affect the outcome of the suit under the governing law. *See id.* To determine whether a genuine dispute as to any material fact exists, the Court views the evidence in the light most favorable to the nonmoving party, and "all justifiable inferences are to be drawn" in that party's favor. *Id.* at 255. The moving party may initially establish the absence of a genuine issue of material fact by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). It is then the nonmoving party's burden to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323-24. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

"It is not the Court's responsibility to root through the record to establish the absence of factual disputes, or to look for evidence on the nonmoving parties' behalf." *CZ Servs., Inc. v. Express Scripts Holding Co.*, No. 3:18-cv-04217-JD, 2020 WL 4368212, at *3 (N.D. Cal. July 30, 2020) (citations omitted); *see also Winding Creek Solar LLC v. Peevey*, 293 F. Supp. 3d 980, 989 (N.D. Cal. 2017), *aff'd*, 932 F.3d 861 (9th Cir. 2019).

**DISCUSSION**

"The central assertion of a claim of wrongful termination in violation of public policy is that the employer's motives for terminating the employee are so contrary to fundamental norms that the termination inflicted an injury sounding in tort." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 702 (2009) (citing *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980)). To prove a wrongful-termination claim, Abdul-Haqq must show that TPMG terminated her employment, that "the termination was substantially motivated by a violation of public policy," and that "the discharge caused [her] harm." *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014).

Under California law, "disability discrimination can form the basis of a common law wrongful discharge claim." *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1161 (1998). For Abdul-Haqq to prove wrongful termination in this context, she must show that TPMG terminated her employment "because of the disability." *Prue v. Brady Co./San Diego, Inc.*, 242 Cal. App. 4th 1367, 1378 (2015) (internal quotation and citation omitted).

TPMG presented solid evidence of non-discriminatory reasons for terminating Abdul-Haqq's employment. Several doctors reported that Abdul-Haqq committed errors in delivering nursing care, such as delay in administering medication and in responding to her work phone while on duty, delay in registering medication that had been administered, and failure to notify a treating physician that a patient under her care was hypotensive. *See, e.g.*, Dkt. No. 121-1, Exhs. C, D, F, H. Additionally, an investigation found that Abdul-Haqq "participated in an inappropriate, unprofessional and loud hostile verbal argument with another employee that continued on throughout patient care areas" in the emergency department. *Id.*, Exh. B. TPMG has also submitted evidence that Abdul-Haqq avoided meeting with a supervisor to discuss these incidents, and the meetings that did occur did not resolve the supervisor's concerns. Dkt. No. 121-1 ¶¶ 9-10, 14, 16, 20, 23 (Gaustad declaration); *see also id.*, Exhs. A, E. Consequently, the burden shifted to Abdul-Haqq to "demonstrate a triable issue by producing substantial evidence that the employer's stated reasons were untrue or pretextual, or that the employer acted with a discriminatory *animus*, such that a reasonable trier of fact could conclude that the employer

3

engaged in intentional discrimination or other unlawful action." *Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830, 861 (2014) (internal quotation and citation omitted).

Abdul-Haqq has not adduced evidence that TPMG's reasons for terminating her employment were pretextual, or that TPMG otherwise acted with discriminatory intent. "[G]enerally, pretext may be demonstrated by showing the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate discharge." *Zamora v. Sec. Indus. Specialists, Inc.*, 71 Cal. App. 5th 1, 56 (2021) (internal quotations and citation omitted). Again, the record shows that TPMG received multiple reports that Abdul-Haqq did not comply with its standards and policies, with implications for patient wellbeing. In response, Abdul-Haqq alleges inconsistencies in her disciplinary paperwork, disagrees with how TPMG handled her case, and says that a "computer problem was the root cause of the alleged" nursing errors. Dkt. No. 126 at 15. But the evidence she has identified is insufficient to demonstrate that TPMG's reasons were pretextual. *See Wills v. Superior Court*, 195 Cal. App. 4th 143, 160 (2011) ("The employee cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." (cleaned up)).

To the extent that Abdul-Haqq's claim for wrongful termination is premised upon retaliation, it fares no better. "In summary judgment proceedings, a FEHA [California Fair Employment and Housing Act] retaliation claim is treated the same as a FEHA discrimination claim: Where the employer presents admissible evidence . . . that the adverse employment action was based on legitimate, nondiscriminatory or nonretaliatory factors, the employer will be entitled to summary judgment unless the employee produces admissible evidence which raises a triable issue of fact material to the employer's showing." *Wilkin v. Cmty. Hosp. of the Monterey Peninsula*, 71 Cal. App. 5th 806, 828 (2021) (cleaned up). Abdul-Haqq did not adduce evidence to the effect that TPMG's reasons for terminating her employment were pretextual. She points to the timing of an EEOC contact with TPMG in July 2016 and her suspension in August 2016, Dkt. No. 145 at 13, but temporal proximity alone is insufficient to carry her burden. *See Loggins v.*

4

*Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1112 (2007).  Temporal proximity is also insufficient to raise a genuine dispute of material fact when combined with her other evidence, such as the problems with her disciplinary paperwork.

Consequently, TPMG is entitled to judgment in its favor.  Abdul-Haqq's motion for summary judgment is denied for the same reasons.

**IT IS SO ORDERED.**

Dated:  October 12, 2022

JAMES DONATO
United States District Judge